No. 605

CULLEN, et v. MITCHELL, Service Director, et.

Ohio Appeals, 1st Dist., Butler Co.

No. 358.      Decided April 11, 1927.

923. PLEADINGS—Petition to enjoin service director from awarding contract under advertisement and attacking validity of special election which ratified bonds, does not state a cause of action and is demurrable.

799. MUNICIPALITIES—Court will not interfere with discretion of Council and City authorities in business management of city.

**First Publication of this Opinion**

PER CURIAM.

This action was commenced in the Common Pleas Court by plaintiff herein. He sought an injunction against the defendants, enjoining them from awarding and making any contract or contracts, under certain advertising by the Director of Public Service of the City of Hamilton, for apparatus, material and labor, and from approving, executing, and performing said contracts.

A demurrer to the petition was sustained by the Common Pleas, and error is prosecuted to this court.

The petition states that on Jan. 7, 1920, Council pretended to pass a resolution, declaring it necessary to issue and sell bonds of the city for the purpose of extending, enlarging, improving and repairing the Electric Light Works of the city, and that the amount of the bond issue was greater than the limit prescribed by law for an issuance of bonds without a vote of the people.

The petition then alleges that notice of the time and place of holding said election was never made as provided by law, and that any notice pretended to have been given was improper and insufficient in law; that the election was held, resulting in a vote in favor of the bond issue; that the bonds were sold and that $525,000.00 of the proceeds of the sale are now in the hands of the City Treasurer.

It is clear that the allegations do not state a cause of action for this purpose. These allegations might be proper were they attacking the legality of the bonds or the bond issue.

Were the plaintiffs attacking the bond issue, the petition would state no cause of action, since 4315 GC. provides that such action must be commenced within one year from the date of the bonds. The bonds were sold on or about June 1, 1920, and this action was not commenced until September 15, 1926.

The rest of the petition simply avers bad business on the part of the corporation. It requires no citation of authority on the proposition that the courts will not interfere with the discretion of Council and the City authorities in the business management of the City.

Judgment affirmed.

(Hamilton, PJ., Cushing and Buchwalter, JJ., concur.)

Attorneys—Warren Gard for Cullen, et; L. J. Ziliox, Harry Koehler and Walter S. Harlan for Mitchell, et; all of Hamilton.

No. 606

BURKE, et v. PFEFFERLE

Ohio Appeals, 3rd Dist., Hardin Co.

No. 173.      Decided Jan. 20, 1927.

708. LEASES—1. Where building is leased for use as automobile display and sales room, order of Department of Workshops and Buildings, against storage of more than two automobiles with gasoline therein, not sufficient grounds for surrender of premises and cancellation of lease.

2. Acceptance of key by lessor, and renting of building to another tenant, does not constitute surrender.

**First Publication of this Opinion**

WARDEN, J.

This was a suit to collect a balance due as rent on premises which had been leased for a period of one year. Lessee occupied the building for a period of five months, and then surrendered it. It is claimed they surrendered under orders issued by the Department of Workshops and Buildings of the Industrial Commission of Ohio, and that lessor acquiesced in such surrender. The Court of Common Pleas rendered a judgment in favor of the lessor, in a directed verdict. On error the Court of Appeals affirmed the judgment of the Common Pleas and found as follows:—

The rights of the parties depend entirely upon the lease under which the premises were being occupied. The lease provides, that the building on the premises was to be used as an automobile display and sales room.

The evidence tended to prove that the several orders made by the Department of Workshops and Buildings of the Industrial Commission, were not based upon any objection to the use of the building for the purpose, but only against the storage in said building, of more than two automobiles with gasoline therein, and therefore any evidence based on the orders of the department, did not tend to prove the claim of the defendants.

It is urged that the court erred in directing the jury to return a verdict for plaintiff because there was some evidence tending to prove that defendants had surrendered possession of the premises, and that plaintiff accepted the surrender and took possession.

If this is true, the judgment is erroneous and prejudicial, but in Bumiller v. Walker, 95 OS. 344, it is held as follows:—

"An acceptance by the landlord of the key to the premises, his advertising for a new tenant and renting the premises to another upon its vacation by the old tenant, under the facts stated, are not sufficient to constitute a surrender.

Judgment affirmed.

(Before Judges Warden, Crow and Hughes.)

Attorneys—Roy Warren Roof and H. D. Lease, Kenton, for Burke, et; G. B. DeWitt, Dunkirk, and Stickle & Cessna, Kenton, for Pfefferle.